SAM SCARNATO, Appellant and Respondent, v. STATE OF NEW YORK, Respondent and Appellant. (Claim No. 28192.)

Argued October 6, 1948; decided January 13, 1949.

*Julius Applebaum* and *Louis Masheb* for appellant. I. The State's responsibility is measured by the same rules of law applicable to private individuals and corporations. II. The State's failure to comply with the safety standards it enacted and promulgated by statute and industrial code was the proximate cause of claimant's injuries. (*Johnson* v. *Johnson,* 249 App. Div. 859; *Ross* v. *Delaware, Lackawanna & Western R. R. Co.,* 231 N. Y. 335; *Stewart* v. *Ferguson,* 164 N. Y. 553; *Coleman* v. *Ruggles-Robinson Co.,* 159 App. Div. 268; *Chaffee* v. *Union Dry Dock Co.,* 68 App. Div. 578; *Morse* v. *State of New York,* 262 App. Div. 324, 287 N. Y. 666.) III. The State was negligent in failing to provide a safe place and safe means and safeguards to do the work. (*Robinson* v. *State of New York,* 242 App. Div.

94.) IV. Claimant was not guilty of contributory negligence. (*Robinson* v. *State of New York,* 242 App. Div. 94; *Revelant* v. *State of New York,* 165 Misc. 798; *Karpeles* v. *Heine,* 227 N. Y. 74; *Pollard* v. *Trivia Bldg. Corp.,* 291 N. Y. 19; *Stern* v. *Great Is. Corp.,* 250 App. Div. 115.) V. Claimant sustained very serious injuries and substantial damages as a result of the accident. VI. The Appellate Division erred in reducing the damages from $50,000 fixed and awarded by the Court of Claims to $25,000. (*Sturman* v. *State of New York,* 244 App. Div. 865, 269 N. Y. 627; *Burton* v. *American Bridge Co.,* 273 App. Div. 792, 297 N. Y. 993.)

*Nathaniel L. Goldstein, Attorney-General* (*John R. Davison, Wendell P. Brown* and *Ronald E. Coleman* of counsel), for respondent. I. As the trial judge and two of the justices of the Appellate Division determined, " the proof failed to establish that any actionable negligence chargeable to the State caused the accident, and that claimant was free from negligence." (*Flaherty* v. *State of New York,* 296 N. Y. 342.) II. Labor Law (§ 240) does not apply. But if it does apply in any respect there is no evidence of it having been violated. (*Beale* v. *State of New York,* 46 N. Y. S. 2d 824.) III. If there is ground for imposing liability upon the State, the amount of $25,000 awarded by the Appellate Division is, if anything, excessive. Certainly it is not inadequate. (*Adams* v. *State of New York,* 269 App. Div. 482, 270 App. Div. 1062, 296 N. Y. 654; *Wasnick* v. *State of New York,* 269 App. Div. 1001, 295 N. Y. 902; *Bernardine* v. *City of New York,* 268 App. Div. 444, 294 N. Y. 361; *Turack* v. *State of New York,* 259 App. Div. 1105, 285 N. Y. 737; *Moon* v. *Hoy,* 252 App. Div. 830, 277 N. Y. 684; *Paige* v. *State of New York,* 245 App. Div. 126, 269 N. Y. 352; *Wager* v. *State of New York,* 257 App. Div. 580; *Rook* v. *State of New York,* 254 App. Div. 67; *Rabinowitz* v. *Huber, Inc.,* 252 App. Div. 770; *Gallagher* v. *State of New York,* 248 App. Div. 663.)

*Per Curiam.* Prior to 1944, the jurisdiction of the Court of Appeals to review questions of fact in civil cases was governed by a provision of the State Constitution which read, in part, as follows (art. VI, § 7): " The jurisdiction of the court of appeals, except where * * * the appellate division, on reversing or modifying a final judgment in an action or a final

order in a special proceeding, *makes new findings of fact and renders final judgment or a final order thereon,* shall be limited to the review of questions of law ". (Emphasis supplied.)

The above text authorized the Court of Appeals to review the questions of fact only when the Appellate Division itself had rendered a final determination on new findings of fact.

On January 1, 1944, there became effective a new constitutional provision governing the jurisdiction of the Court of Appeals (art. VI, § 7, as amd.), which reads, in part, as follows: " The jurisdiction of the court of appeals shall be limited to the review of questions of law except where * * * the appellate division, on reversing or modifying a final or interlocutory judgment in an action or a final or interlocutory order in a special proceeding, *finds new facts and a final judgment or a final order pursuant* thereto is entered ". (Emphasis supplied.)

The words just quoted were designed to enlarge this court's jurisdiction to review questions of fact (see Eighth Annual Report of N. Y. Judicial Council, 1942, p. 171; Ninth Annual Report of N. Y. Judicial Council, 1943, p. 43). The italics in the above-quoted constitutional provisions is meant to point up the specific jurisdictional issue presented by the present case.

The claimant herein brought this suit in the Court of Claims to recover for personal injuries sustained by him while he was an inmate of Great Meadow State Prison at Comstock, New York. The Court of Claims rendered a final judgment dismissing his action on the merits. The Appellate Division, Third Department (272 App. Div. 1085), reversed that judgment on the law and facts, made new findings of fact and conclusions of law which fixed liability for the claimant's injuries upon the State, and remitted the matter to the Court of Claims for an assessment of damages with the result that an award of $50,000 was made to the claimant and a judgment for that amount was entered in his favor. The State again appealed to the Appellate Division where the judgment for claimant was modified by reducing the award to the sum of $25,000 and the judgment as so modified was affirmed. From the judgment of modification cross appeals to this court have been taken by the claimant and by the State.

There can be no doubt that this court can review the weight of evidence with regard to the award of damages contained in the final judgment. Such a review was open to us under

the constitutional provision as it stood before 1944. The novel jurisdictional issue posed here is whether we can now review the weight of evidence with regard to the State's liability — the issue determined by the interlocutory judgment herein — an issue which was not open to review by us under the former constitutional provision.

As we read the above amendment thereof, it confers on this court power to review an interlocutory determination on the facts in a case where that interlocutory determination by the Appellate Division is one of reversal on the facts and the final judgment or order directed or authorized by that interlocutory determination has been rendered by the court of first instance.

In that view, we are authorized in the present case to weigh the evidence both with regard to the issue of liability and with regard to the amount of the award.

We find that the weight of evidence is in accord with the findings of the Appellate Division on the question of liability. But we are persuaded that, as to the amount to be awarded to the claimant, the facts support the findings of the Court of Claims.

Hence the judgment of the Appellate Division should be reversed and that of the Court of Claims reinstated, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ,. concur.

Judgment reversed, etc. [See 298 N. Y. 916.]